# A. H. Andrews Co. v. Stowers Furniture Co.

## Assumpsit.

(Decided April 14, 1910. 52 South. 316.)

1. *Sales; Action for Price; Defenses.*—In an action for the price of chairs sold a plea setting up that plaintiff sold them to a third person and agreed to ship them to defendant and charge defendant with the same, in consideration of which, and of the performance thereof by the plaintiff, the defendant guaranteed the account, and that the chairs were never shipped to nor charged to the defendant, but were shipped to and charged to the third person, tendered a meritorious defense, and was not defective as too indefinite, nor as failing to allege wherein defendant became a party to the transaction, whereby plaintiff agreed to charge and ship the chairs to it, nor as failing to show whether defendant and the third person agreed at the same time with defendant, or plaintiff with defendant and the third person, or how it was done, nor as failing to allege with whom plaintiff agreed to charge and ship chairs to defendant, and under what circumstances the agreement was made.

2. *Guaranty; Discharge of Guarantor; Breach of Contract.*—A guarantor has the right to stand upon the exact terms of the contract, and if the other party breaches its terms. in this instance by consigning the goods to another person, he could not hold the guarantor for the price.

3. *Same; Evidence.*—The evidence in this case stated and examined and held to show that the plaintiff sold the goods to a third

[A. H. Andrews Co. v. Stowers Furniture Co.]

person under an agreement with defendant that the goods should be shipped to the defendant, and the price charged to defendant's account.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by the A. H. Andrews Company against the Stowers Furniture Company for the price of certain chairs. Judgment for defendant, and plaintiff appeals. Affirmed.

The first four counts were the common counts. The fifth count is upon a contract made by correspondence, wherein the Stowers Furniture Company authorized the Andrews Company to sell T. F. Wood certain chairs, to be by him selected, and to charge the same to the account of the Stowers Furniture Company. Count 6 was upon a guaranty for a sufficient and valuable consideration, based upon the contract above set out. Count 7 is upon the contract requesting and directing plaintiff to sell Wood certain chairs and charge them to the account of the Furniture Company.

Plea B is as follows: "Defendant says that on or about August 31, 1907, the plaintiff sold to one T. F. Wood certain opera chairs, for the recovery of the price of which this suit is brought, to wit, 150 No. 221 opera chairs, for the price of $5.50 each; that plaintiff agreed to charge said chairs to the defendant and to ship them to the defendant, and in consideration of said contract, and of the performance of the same by plaintiff, this defendant guaranteed said account. And defendant says that said chairs were never charged to nor shipped to this defendant, but, on the contrary, were charged to and shipped to said T. F. Wood; and defendant says that plaintiff should not recover."

The demurrers to plea B were as follows: "Said plea was too indefinite in this: While it states that

plaintiff sold to T. F. Wood certain opera chairs, it fails to allege sufficient facts and the consideration therefor as to how plaintiff agreed with the defendant to charge and ship said chairs to the defendant. (2) Said plea is insufficient in this: That it fails to allege or aver or show wherein the defendant became a party to said transaction wherein and whereby plaintiff agreed to charge and ship said chairs to defendant. (3) It fails to aver or show whether the defendant and T. F. Wood agreed at the same time with defendant, or plaintiff with defendant and Wood, or how it was done. (4) It fails to allege or aver with whom plaintiff agreed to charge and ship said chairs to the defendant, whether with T. F. Wood or the defendant, and under what circumstances said agreement was made and entered into." There were other demurrers; but it is not deemed necessary to set them out.

VON L. THOMPSON, for appellant.—The court erred in overruling demurrers to the plea.—Section 4289, subd. 3, Code 1907; *Pake v. Wilson*, 127 Ala. 240; *Fuller v. Gray*, 124 Ala. 388; Sec. 5332, Code 1907. The plea setting up the contract of guaranty and charging a breach of the contract should aver every material element and requisite of the statute of frauds showing that this contract was void.—Authorities supra. In this case any testimony is admissible which has a tendency to show that said debt was made by the defendant.—*Clarke v. Jones*, 87 Ala. 474; *Strauss v. Eltine*, 110 Ala. 136; *Stern v. Saunders*, 116 Ala. 115; *Pake v. Wilson, supra; Thornton v. Guice*, 73 Ala. 321; *Bates v. Bir. P. & G. Co.*, 143 Ala. 198. The plaintiff was entitled to the affirmative charge.—Authorities supra; *Aullman v. Fletcher*, 110 Ala. 452. The question decisive of the case is as to whom the credit was

given.—Authorities supra.; *Webb v. Hawkins*, 101 Ala. 630; *Boykin v. Doholonde*, 37 Ala. 577.

JOHN H. MILLER, for appellee.—None of the special declarations are sustained by the agreement between the plaintiff and the defendant, and the variance was such as to entitle the defendant to the affirmative charge.—*N. Y. L. I. Co. v. McPherson*, 33 South. 825; *Burton v. Dangerfield*, 141 Ala. 285. There never was a sale of the goods and no title ever passed from the seller.—1 Benj. on Sales, section 1.—8 How. 544; 38 Pa. 498; 85 Pa. 158; 43 Ia. 194; 12 Allen 39; 46 N. Y. 131. The general charge is further sustained on the proof of the defense of the statute of frauds.—*Marx v. Bell*, 48 Ala. 497; *Clarke v. Jones*, 87 Ala. 474; *Foster v. Napier*, 74 Ala. 393; *Pake v. Wilson*, 127 Ala. 240; *Webb v. Hawkins L. Co.*, 101 Ala. 630.

SAYRE, J.—Action on the common counts and on a special contract for the agreed price of 125 opera chairs, alleged to have been sold by plaintiff to defendant. There are also counts charging defendant as guarantor for one Wood, to whom the chairs are alleged, alternatively, to have been sold. All questions arising out of the pleadings were settled in the court below in favor of the defendant, appellee here. We think the case may be properly disposed of on consideration of the issues presented by the complaint and plea B.

This plea tendered a meritorious issue, and was not, as for any objection taken to it by the demurrer, defective in form or substance. Looking to the most obviously material feature of the defense presented, it appears that defendant undertook to guarantee the price of the chairs to plaintiff, on consideration in part of

the plaintiff's promise to consign them to defendant, although they were sold to Wood. It is alleged that plaintiff failed to consign the chairs as agreed. Whether the agreement by which the defendant became bound was in writing, or made orally, was clearly of no consequence, unless the defendant made it so by pleading the statute of frauds. Other pleas set up that defense. The plea under consideration went upon an entirely different line. Further, both plaintiff and defendant were necessarily parties to any agreement by which the latter undertook for a consideration to guarantee to the former payment for the chairs. Such is the import of the plea. It succinctly states the facts necessary to the defense interposed, and there was no occasion to incumber it with the averment of other facts merely circumstantial.

On consideration of the evidence we are of the opinion that the plea referred to was proven without conflict or adverse inference. We will undertake to set out only enough of the evidence to make the situation clear: Wood applied to defendant, a furniture house in the city of Birmingham, to purchase chairs for a place of amusement which he was about to open. Defendant, being unable to meet his requirements out of its stock, referred him to plaintiff, a manufacturer of furniture in the city of Chicago, giving him a letter of introduction as a personal friend and customer, stating his purpose to buy chairs, and that "any selection that he might make same may be charged to our account." This was on August 21, 1907. On the same day defendant wrote to plaintiff, inclosing a copy of the letter they had given to Wood, and said: "In figuring this bill we want 50 per cent. profit net f. o. b. Birmingham, so in quoting prices kindly be guarded as we have stated." Wood presented his letter to the plaintiff in Chic-

ago on August 29th. In the meantime (August 24th) plaintiff had written in substance that it could not safely add 50 per cent. to its net selling price with any hope of securing Wood's order, if he should be inclined to look about. Replying (August 27th), defendant said it would have to handle the account at its ena of the road, stated that Wood would doubtless not look elsewhere, indicated its expectation of sharing in the profit of the sale, and concluded by leaving the matter entirely with the plaintiff, and asking the plaintiff to handle it to the best of its ability. August 29th Wood appeared at plaintiff's place of business in Chicago, and entered into a written agreement for the purchase of the chairs on his own account. Plaintiff agreed in its contract with Wood, among other things, that the chairs, when made, should be consigned to him at Birmingham.

August 31st plaintiff wrote to defendant as follows: "The Stowers Furniture Co., Birmingham, Ala.—Gentlemen: Your letter of August 21st, introducing Mr. T. F. Wood, has been placed in our hands by Mr. Wood, and we to-day have negotiated same with him for 150 of our 221 opera chairs, the price being $5.50 apiece delivered at Birmingham. Our instructions are to ship these chairs to you and that you would guarantee the payment. The contract is made to Mr. T. F. Wood and signed by him. Now, we are going to undertake the delivery of these goods f. o. b. Chicago to you for the price of $4.50. This would leave $1 commission to you. but out of this you would have to stand the freight. Our best information to-day is to the fact that the rate on these chairs to Birmingham will be about 90 cents per hundred, and these chairs will weigh about three chairs to the hundred, and the cost will be about 30 cents a chair. This would leave you a natural com-

mission of 70 cents on each chair, on 150. This is the best we can do for you, and the best trade we can make for you. Now, we would like to have you confirm the understanding of this letter by saying we should send the chairs direct to you, charging you at the rate of $4.50 f. o. b. Chicago, payment to be made Oct. 15, 1907. The confirmation of this understanding will be sufficient, if you will write your O. K. and signature on the original copy, which we inclose herewith. We send you this in duplicate, so you can keep one and return the other one to us. We will proceed to the making of the chairs pending a reply to this letter. Thanking you, we are, very truly yours, The A. H. Andrews Co."

The foregoing letter was returned to plaintiff with the following indorsement: "We hereby guarantee this account. Sept. 7, '07. Stowers Furniture Co., Chas. M. Powell, Genl. Mgr." At the same time defendant wrote as follows: Birmingham, Ala., Sept. 7th, 1907. A. H. Andrews Co., 174 Wabash Ave., Chicago, Ill.— Gentlemen: We beg to inclose you letter O. K.'d as per your suggestion, which guarantees payment of this account; but, in an interview to-day with Mr. T. F. Wood, he advises us that you quoted him a price of $5.50 f. o. b. Birmingham. I advised him that you had quoted us a price f. o. b. Chicago, not mentioning the price you quoted us, of course. He said that our prices should be f. o. b. here as well. Mr. Wood may write you regarding this matter; but you may tell him same has been arranged between you and I, and that same will be shipped out promptly as per original order. Mr. Wood assured us this morning that he would possibly pay cash for these goods on delivery. That was the only incentive in having you charge him as stiff a price as possible. Yours respectfully, Stowers Furniture Co., Chas. M. Powell, General Manager."

September 9th defendant concluded the negotiation by a letter as follows: Stowers Furniture Co., Birmingham, Ala.—Gentlemen: We are in receipt of your valued favor of Sept. 7th. We have the confirmation of your order to Mr. Wood. We thank you for this, and will say that we are at work upon the chairs and will undoubtedly make shipment in time. Yours very truly, The A. H. Andrews Co."

This correspondence evidenced the contract between the plaintiff and the defendant, and on it, after some delay, of which complaint was made, but which may now be laid out of consideration, the chairs were consigned to and accepted by Wood at Birmingham. Defendant expected that the consignment would be to it, until it learned that the chairs had been delivered to Wood.

Familiar principles of law suffice to decide the case here presented. It may be conceded, for the argument, that, if the sale of the chairs had been consummated on the faith of the defendant's two letters of August 21st, defendant's obligation would have been the primary obligation of an original promisor. But such was not the case. Plaintiff was not content with the terms offered by those two letters, nor did it in fact make a sale to Wood in accordance with them. It negotiated with defendant for different terms, and the negotiation became merged in the proposal contained in its letter of August 31st and defendant's acceptance of September 7th, which thereupon, as for anything appearing in the record, became the final memorial of an agreement of minds then reached for the first time. The stipulation for consignment to defendant put the defendant in a position of advantage, gave it security in respect to the payment of the purchase price, for which it had a right to contract, and must be taken as a part of the

consideration of its guaranty. And whether so or not, and whether defendant's obligation was that of surety or guarantor—we think the contract in its final shape made it one or the other—the consignment to Wood was a plain breach of the contract between plaintiff and defendant. Thereupon, on well-established doc-trine, defendant had the right to stand upon the exact terms of its contract, and any deviation from it by the plaintiff discharged and absolved the defendant.— *Moses v. Home B. & L. Ass'n,* 100 Ala. 465, 14 South. 412. Having reached the conclusion that the plea in question presented a meritorious defense, and that on it the defendant was entitled to the general affirmative charge, consideration of whether other pleas were a sufficient answer to the complaint, or whether they were established by a like measure of uncontradicted proof, becomes immaterial.

We are not at all convinced that there was any error in the various rulings of the trial court on the introduc-tion of evidence. None of it, to which objection was taken, had any tendency to establish a contract differ-ent from that shown by the evidence we have set out, nor to show that the contract was not breached by the plaintiff in the particular mentioned, nor that there was on defendant's part any waiver of the breach. These rulings were therefore innocuous, and cannot in any event work a reversal of the judgment under re-view. The judgment and proceedings in the trial court will therefore be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., con-cur.